Terri N. WHITE

v.

TRANSUNION, LLC

No. CV 05–1073 DOCMLGX.

United States District Court,
C.D. California.

Oct. 19, 2006.

See also 462 F.Supp.2d 1079.

Bill Lann Lee, Michael W. Sobol, Paul A. Moore, Lief Cabraser Heimann and Bernstein, San Francisco, CA, Charles M. Delbaum, Stuart T. Rossman, National Consumer Law Center, Boston, MA, Charles W. Juntikka, Charles Juntikka and Associates, New York City, Cynthia B. Chapman, George Y. Nino, Michael A. Caddell, Caddell and Chapman, Houston, TX, Daniel Wolf, Daniel Wolf Law Offices, Washington, DC, Leonard A. Bennett, Matthew Erausquin, Consumer Litigation Associates, Newport News, VA, Mitchell A. Toups, Weller Green Toups & Terrell LLP, Beaumont, TX, for Terri N. White.

Brian C. Frontino, Julia B. Strickland, Lindsay G. Carlson, Stephen J. Newman, Stroock Stroock and Lavan, Los Angeles, CA, for Trans Union LLC.

CIVIL MINUTES—GENERAL

CARTER, District Judge.

PROCEEDING (IN CHAMBERS): DENYING PLAINTIFFS' MOTION TO APPOINT LIEFF, CABRASER HEIMANN & BERNSTEIN, LLP AND CADDELL & CHAPMAN AS INTERIM CLASS COUNSEL

Before the Court is Plaintiffs' Motion to Appoint Lieff, Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and Caddell & Chapman ("Caddell") as Interim Class Counsel ("Motion"). The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local R. 7–15. After reviewing the moving and opposing papers, for the reasons set forth below the Court DENIES Plaintiffs' Motion

## I. BACKGROUND

The instant case is one of six related cases currently pending before the Court: *White, et al. v. Experian Info. Solutions, Inc.*, Case No. CV 05–1070 DOC (MLGx) ("*White v. Experian*"); *White, et al. v. TransUnion, LLC*, Case No. CV 05–1073 DOC (MLGx) ("*White v. TransUnion*"); *White, et al. v. Equifax Info. Servs., LLC*, Case No. CV 05–7821 DOC (MLGx) ("*White v. Equifax*"); *Pike v. Equifax Info. Servs., LLC*, Case No. CV 05–1172 DOC (MLGx) ("*Pike v. Equifax*"); *Hernandez v. Equifax Info. Servs., LLC, Experian Info. Solutions, Inc., and TransUnion, LLC*, Case No. CV 06–3924 DOC (MLGx) ("*Hernandez v. Equifax, Experian, and TransUnion*"); and *Acosta, et al. v. TransUnion, LLC*, Case No. CV 06–5060 DOC (MLGx) ("*Acosta v. TransUnion*").

*White v. Experian, White v. TransUnion,* and *White v. Equifax* (collectively the "*White* Cases") were originally filed in November 2005 in the Central District of California. Lieff Cabraser was plaintiffs' lead counsel on all three of the *White* Cases, which alleged violations of the Fair Credit Reporting Act ("FCRA") against each of the three credit reporting agencies for systematically reporting debts as due and owing after they have been lawfully discharged through federal bankruptcy proceedings.

*Hernandez v. Equifax, Experian, and TransUnion* originated in the Northern District of California in October 2005. This case, for which Caddell was plaintiffs' lead counsel, named all three credit reporting agencies as defendants in a single case raising similar allegations to those made in the *White* Cases. The parties moved for the transfer of *Hernandez* to the Central District of California, which was effected, and the Court subsequently deemed the *White* Cases and *Hernandez* related and suggested that plaintiffs' counsel on these matters work together. Counsel followed this suggestion, and in August 2006 jointly filed class action complaints consolidating the claims of the *White* and *Hernandez* plaintiffs against each credit reporting agency separately. These three cases are thus *White/Hernandez v. Equifax* (Case No. 05–7821), *White/Hernandez v. Experian* (Case No. 05–1070), and *White/Hernandez v. TransUnion* (Case No. 05–1073) (the "*White/Hernandez* Cases"). The Lieff Cabraser and Caddell firms are now working cooperatively as lead counsel on these three consolidated cases among a plaintiffs' team including at least six different law firms.

By contrast, *Acosta v. TransUnion* is the product of a complaint originally filed in Orange County Superior Court on May 12, 2003 (Case No. 03CC00184). Although this class action lawsuit also alleges that TransUnion is obligated to determine which individual debts are discharged in a consumer's Chapter 7 bankruptcy rather than relying solely on the debtor's creditors to report the bankruptcy's impact on those debts, it was filed over two years before the *White/Hernandez* Cases and litigated primarily in state court.

After having participated in comprehensive discovery in this state court litigation, the parties to *Acosta v. TransUnion* commenced mediation with the Honorable John K. Trotter, Ret. ("Justice Trotter") in March 2006. In the course of settlement negotiations, TransUnion, LLC ("TransUnion") indicated that it would not settle the *Acosta v. TransUnion* case unless it could resolve all of the related claims against it, including those based on the FCRA asserted in *White/Her-*

*nandez v. TransUnion.* Justice Trotter suggested that to facilitate settlement, the parties should consider a procedural framework whereby the parties would stay the pending state court action and file a new federal action concurrent with a notice of related claims to the existing federal cases. The Court would thereby oversee the approval process for the settlement of the new federal action as it already presided over the related federal cases.

The *Acosta v. TransUnion* Plaintiffs and TransUnion agreed to adopt this procedural framework and thereby reached a comprehensive settlement, embodied in a Memorandum of Understanding executed on August 11, 2006 (the "MOU"). In accordance with the MOU, the plaintiffs filed the *Acosta v. TransUnion* action, which includes all of the federal claims against TransUnion, in federal court on August 14, 2006 and provided the plaintiffs in the *White/Hernandez* Cases with a copy of the MOU. On August 18, 2006, TransUnion filed its answer. The *Acosta v. TransUnion* Plaintiffs filed a notice of settlement on August 21, 2006.

Finally, *Pike v. Equifax* is a related class action raising allegations only against Equifax. Plaintiffs there also initially filed in California state court on September 1, 2005 before the case was removed to the Central District of California on November 30, 2005. On September 20, 2006, Equifax filed notice that it reached a settlement of all claims with the plaintiffs in *Pike v. Equifax.*

Plaintiffs in *White/Hernandez v. TransUnion* filed the Motion now before the Court on October 2, 2006, seeking appointment of Lieff Cabraser and Caddell as interim lead counsel for that case pursuant to Fed.R.Civ.P. 23(g). The *White/Hernandez* Plaintiffs' proposed order would extend to all six of the related cases, including *Acosta v. TransUnion* and *Pike v. Equifax,* and give Lieff Cabraser and Caddell the exclusive authority in all six cases to draft and file briefs and motions prepared on behalf of the Plaintiff Class, to conduct settlement negotiations, and to act as the exclusive representative of the class. TransUnion and the *Acosta v. TransUnion* Plaintiffs oppose this Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g) provides that "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Id.* advisory committee notes on 2003 amends.

Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members. Manual for Complex Litigation (Fourth) § 21.11 (2004). "[Where] the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Id.* This follows from the commentary to Rule 23, which recognizes that "[o]rdinarily, such work [as interim counsel is appointed to perform] is handled by the lawyer who filed the action." Fed.R.Civ.P. 23 advisory committee notes on 2003 amends.

As this commentary suggests, those cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court. *Donaldson v. Pharmacia Pension Plan,* 2006 WL 1308582, at *1–2, 2006 U.S. Dist. LEXIS 28607, at *4–5 (S.D.Ill. May 10, 2006); *see also, e.g., Smith v. Aon Corp.,* 2006 WL 1006052, 2006 U.S. Dist. LEXIS 27297 (N.D.Ill. Apr. 12, 2006); *Turner v. Murphy Oil USA, Inc.,* 234 F.R.D. 597 (E.D.La.2006); *Hill v. Tribune Co.,* 2005 U.S. Dist. LEXIS 23931 (N.D.Ill. Oct. 13, 2005); *In re Delphi ERISA Litig.,* 230 F.R.D. 496, 497–99 (E.D.Mich.2005).

## III. DISCUSSION

■ The Court sees no reason to appoint interim class counsel in this case. Although there currently are two separate class action lawsuits pending against TransUnion, these cases are in vastly different procedural postures, and this difference obviates any poten-

tial necessity for an interim appointment. Discovery has only recently begun in the nascent *White/Hernandez v. Equifax* case. The parties in *Acosta v. TransUnion,* in contrast, have already filed a Notice of Settlement with the Court and are now working on finalizing the settlement they negotiated approximately over two months ago.

■ The crux of the *White/Hernandez* Plaintiffs' argument in this Motion is essentially that the imminent settlement in *Acosta v. TransUnion* is deficient and demonstrates a lack of commitment to the class. Appointment of interim class counsel is not the proper vehicle by which to oppose this settlement, however. As the Court made clear when the *White/Hernandez* Plaintiffs raised this same argument in seeking consolidation, the system provides ample mechanisms for dissatisfied class plaintiffs to object to a class action settlement. These include the lodging of formal objection at a fairness hearing or the exercise of class members' prerogative to opt-out of a finalized settlement agreement. *Churchill Village, LLC v. Gen. Electric,* 361 F.3d 566, 572–73 (9th Cir.2004) (explaining that disgruntled class members may challenge approved class action settlement agreement); *Knisley v. Network Assocs., Inc.,* 312 F.3d 1123, 1125 (9th Cir.2002) ("A dissatisfied class member may object in the district court and may generally appeal an adverse decision") (citing *Devlin v. Scardelletti,* 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002)).

The Court will not allow appointment of interim counsel to prematurely effect this purpose, particularly where doing so would impede the integrity of the settlement process for the *Acosta v. TransUnion* Plaintiffs and there has been no showing why such appointment is necessary.

## IV. DISPOSITION

For the reasons set forth above, the Court hereby DENIES Plaintiffs' Motion to Appoint Interim Class Counsel.

The Clerk shall serve this minute order on all parties to the action.